﻿Citation Nr: AXXXXXXXX
Decision Date: 11/21/18 Archive Date: 11/21/18

DOCKET NO. 180924-555
DATE: November 21, 2018
ORDER
Entitlement to service connection for tinnitus is granted.
REMANDED
Entitlement to service connection for anxiety with panic attacks is remanded.
Entitlement to service connection for sinusitis is remanded.
FINDING OF FACT
The Veteran’s tinnitus began during active service.
CONCLUSION OF LAW
The criteria for service connection for tinnitus are met. 38 U.S.C. §§ 1110, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.303(a) (2017)
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from October 2012 to March 2013.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 
Service Connection
Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303, 3.304. To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service- the so-called “nexus” requirement. See Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).
Service connection for certain chronic diseases may be established on a presumptive basis by showing that the condition manifested to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1131, 1137; 38 C.F.R. §§ 3.307, 3.309(a). Although the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a).
For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. 38 C.F.R. §§ 3.303 (b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).
When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt shall be given to the claimant. 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990).
Entitlement to service connection for tinnitus is granted.
The Board finds that entitlement to service connection for tinnitus is warranted. The Veteran has a diagnosis of tinnitus. See VA examination, June 2017; and RAMP Rating Decision, August 2018 (favorable find of a tinnitus diagnosis in June 2017 VA examination). At the examination, the Veteran reported that she hears a sound like a chiming bell in both ears, which “started a couple months after shooting guns in basic training.” 
The Veteran is competent to report that she has experienced tinnitus in service or shortly thereafter; i.e., a veteran is competent to report symptoms that she experiences at any time because this requires only personal knowledge as it comes to her through her senses. Layno v. Brown, 6 Vet. App. 465 (1995); Barr v. Nicholson, 21 Vet. App. 303, 309 (2007). Here, the Board finds that the Veteran is competent to report noise exposure and ringing in the ears. 
The Board is aware that the June 2017 VA examiner opined that it was less likely than not that the Veteran’s tinnitus was caused by or a result of military noise exposure. The examiner stated that the Veteran’s military occupational specialty of traffic management had a low probability for hazardous noise exposure and the Veteran’s hearing thresholds are within normal limits. The Veteran also reported using hearing protection during basic training.
However, given the Veteran’s statements, the Board finds that the evidence is at least in relative equipoise and thus must afford the Veteran the benefit of the doubt. Accordingly, when resolving all reasonable doubt in the Veteran’s favor, service connection for tinnitus is granted. 38 C.F.R. § 3.102.
REASONS FOR REMAND
1. Entitlement to service connection for anxiety with panic attacks is remanded.
2. Entitlement to service connection for sinusitis is remanded.
The remaining issues on appeal are remanded to correct a duty to assist error that occurred prior to the August 2018 rating decision on appeal. The record suggests that the Veteran claimed treatment at the VA CBOC Jacksonville. It was determined that there were no treatment records for the Veteran at this facility between January 1990 and April 2017. However, the search appears to have been conducted using the last name “D.” The Veteran’s last name on her DD-214 and on appeal is “M.” Accordingly, a new search should be conducted using the Veteran’s alternative last name. 
The matter is REMANDED for the following action:
After securing any necessary consent forms from the Veteran, obtain outstanding VA treatment records pertaining to the issues on appeal. The Veteran should be asked to identify any names, first and last, under which she has received treatment. Use the identified names to conduct the appropriate record searches.

All efforts to obtain records should be documented in the claim file. If any records could not be obtained, this should be noted in the claim file.

 
E.I. VELEZ
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD K. Foster, Associate Counsel